Campbell, J.:
In this case the plaintiffs below, Sibley, Endieott & Co., of Chicago, on the 5th of August, 1874, were creditors of the firm of Odell & Talbot, of Lowell, in Kent county, to the amount of two hundred and fifty-six dollars and thirty cents. At the same time the defendants below, Wingler & Bergin, were creditors of Odell & Talbot to the amount of one hundred and forty-four dollars.
On the 5th of August aforesaid, Odell & Talbot mortgaged their stock in trade (being retail dealers in groceries and provisions) to Sibley, Endieott & Co., to pay their debt in five monthly installments. The mortgage contained the following provision: “It is hereby agreed that the said party of the first part shall be allowed to continue the sale of goods from said store as though this instrument was not made.” There *220 was not only the usual power of sale, but also authority in the mortgagees to take possession at any time when they should think themselves insecure.
This mortgage was duly recorded on the Vth of August. On the 8th of August, Odell & Talbot, on being applied to by Wingler & Bergin for payment of their debt, offered' to turn out goods enough at market rates to pay them. On taking an inventory they figured the goods in up at a price which exceeded that indebtedness by only four dollars. Before reaching this result, and in expectation of it, the *parties agreed that Wingler & Bergin should take the whole stock and refund the surplus. They had no actual notice of the chattel mortgage. On being sued by the mortgagee, they set up the alleged invalidity of the mortgage.
There is no finding or pretense that the mortgage was fraudulent in fact, nor that it was not valid between the parties, nor that the record was not in due form.
• We do not see any reason for holding this mortgage void. Assuming, — what is not very clear, — that the purchasers stand in any better footing than their vendors, this mortgage, fairly interpreted, means no more than those which we have uniformly held valid, which allow sales in the ordinary course of business, which here was retail business. A continuance of sales as though the mortgage had not been made, means no more than this, and it would be absurd to suppose it was intended no rights should accrue to the mortgagees, who were -expressly allowed to take possession at their pleasure.
We think the court below acted rightly in upholding its validity, and the judgment should be affirmed, with costs.
The other justices concurred.